**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Nagesh SHETTY, Defendant—Appellant.**

**No. 00–50755.**

**D.C. No. CR 98–00105–GLT–1.**

United States Court of Appeals, Ninth Circuit.

---

Submitted Sept. 8, 2003.*
Decided Oct. 8, 2003.

Before FISHER and BYBEE, Circuit Judges, and MAHAN, District Judge.**

## MEMORANDUM***

Defendant Nagesh Shetty appeals his conviction on twenty-six counts of mail

made it impossible for her to make important factual representations to the court.

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the

fraud under 18 U.S.C. § 1341. He contends that he received ineffective assistance of counsel and that the trial judge improperly instructed the jury. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I.

■ A defendant claiming ineffective assistance of counsel must identify "acts or omissions of counsel" that stray beyond "the wide range of professionally competent assistance" and show that this performance was below an objective standard of reasonableness and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 690–92, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Shetty alleged that trial counsel made three unprofessional omissions: (1) counsel failed to object to a purportedly duplicitous indictment, (2) counsel failed to argue that criminal liability was wrongfully premised on a doctor's independent exercise of medical judgment, and (3) counsel failed to request a "good faith" jury instruction. We generally do not review a claim of ineffective assistance of counsel on direct appeal, *United States v. Pope*, 841 F.2d 954, 958 (9th Cir.1988), but the government conceded that the factual record was sufficiently developed to permit review of Shetty's claim. *See United States v. Ross*, 206 F.3d 896, 900 (9th Cir.2000). We review de novo a claim of ineffective assistance of counsel. *United States v. Benlian*, 63 F.3d 824, 826 (9th Cir.1995).

Duplicity is the joining of two or more distinct and separate offenses in a single count of the indictment. *United States v. UCO Oil Co.*, 546 F.2d 833, 835 (9th Cir. 1976). This Circuit construes the disjunc-

tive phrasing of the federal mail fraud statute, 18 U.S.C. § 1341, to specify two "alternative routes to a mail fraud conviction": (1) a scheme to defraud, or (2) a scheme for obtaining money or property by means of false or fraudulent pretenses, representations, or promises. *United States v. Woods*, 335 F.3d 993, 999 (9th Cir.2003). The difference between the two types of schemes is that the former does not necessarily involve a false statement. *See id.* Shetty claimed that the indictment was duplicitous because count six joined a "a scheme to defraud" with a scheme for "obtaining money or property ... by means of false and fraudulent pretenses and representations." Trial counsel's failure to object to the purported duplicity prior to trial waived Shetty's opportunity to challenge it. *United States v. Klinger*, 128 F.3d 705, 708 (9th Cir.1997). Shetty argued that this omission was unreasonable and prejudicial.

A jury instruction requiring unanimity as to which distinct crimes the defendant committed cures duplicity. *United States v. Ramirez–Martinez*, 273 F.3d 903, 915 (9th Cir.2001). Instruction eleven informed the jury that each count of the indictment charged a separate offense, and instruction twelve required the jury to agree unanimously that the defendant made a particular false promise on each count of the indictment. These instructions limited the grounds of conviction to the second route of violating § 1341, that involving a falsity, and thus cured the indictment's duplicity, if any existed.[1]

■ Shetty also argued that trial counsel's failure to object to counts seven,

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Having decided the jury instructions resolve any duplicity, we need not reach Shetty's contention that the two alternative routes to con-

viction under § 1341 constitute two separate offenses. *See UCO Oil*, 546 F.2d at 835–38 (considering several factors in determining whether a statute defines two offenses or multiple modes of committing a single offense).

eight, and nine, which charged him with performing medically unnecessary tests, allowed his conviction to be impermissibly premised on his independent exercise of medical judgment. The failure to object to these counts was not unreasonable or prejudicial, because a false pretense of medical necessity that is made to obtain money from an insurer may support a conviction for mail fraud. *See United States v. Rutgard,* 116 F.3d 1270, 1282, 1284–85 (9th Cir.1997). At trial, defense counsel contested the substance of the allegations by presenting expert testimony that the tests were medically necessary, and Shetty did not argue that this choice of defense strategy was uninformed. *See Strickland,* 466 U.S. at 681.

■ Shetty asserted that trial counsel's failure to request a jury instruction on "good faith" was ineffective assistance. The absence of specific intent, or "good faith," is a complete defense to mail fraud, *United States v. Beecroft,* 608 F.2d 753, 757 (9th Cir.1979), but a jury instruction on the good faith defense is not required when the trial court properly instructs the jury that specific intent is an element of mail fraud, *United States v. Frega,* 179 F.3d 793, 804 (9th Cir.1999). Instructions twelve and thirteen gave the jury adequate guidance on intent to defraud, and trial counsel's failure to request an unnecessary instruction was not unreasonable or prejudicial. Trial counsel's three omissions did not constitute ineffective assistance.

## II.

■ Shetty argued that the jury instructions on medical regulations were impermissibly vague and allowed the jury to predicate a criminal conviction on regulatory violations. We review jury instructions as a whole to determine whether they mislead or inadequately guide a jury's deliberation, *Frega,* 179 F.3d at 807, and we review objections to jury instructions that a defendant did not raise at trial for plain error, Fed.R.Crim.P. 52(b); *Jones v. United States,* 527 U.S. 373, 388, 119 S.Ct. 2090, 144 L.Ed.2d 370 (1999). As described above, no good faith instruction is necessary when the court adequately instructs on the specific intent element. *Frega,* 179 F.3d at 804. The court gave proper instructions on specific intent and therefore committed no error.

Jury instructions in a criminal case may include information on regulatory violations when they provide "background information bearing on motive and intent" and when the instructions make clear that civil violations relate to "background only." *United States v. Wolf,* 820 F.2d 1499, 1505 (9th Cir.1987). Information on the civil violations that "supply a crucial element" of the charges or that create a "serious risk" that the jury may base a criminal conviction on civil violations are not properly included in jury instructions. *Id.* Here, the government properly presented Shetty's regulatory violations as circumstantial evidence of intent to defraud, and the jury instructions clarified that the regulatory violations alone were not fraud. The instructions created no serious risk that the jury based its conviction on the regulatory violations, and thus the trial court committed no error.

AFFIRMED.